ACCEPTED
12-14-00201-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/18/2015 3:52:22 PM
CATHY LUSK
CLERK

**NO ORAL ARGUMENT REQUESTED**

CAUSE NO. 12-14-00201-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

2/18/2015 3:52:22 PM
CATHY S. LUSK
Clerk

IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

---

CEDRICK LEWIS
Appellant

vs.

THE STATE OF TEXAS,
Appellee

---

Appeal in Cause No. 31189
On Appeal from the Third Judicial District Court
of Anderson County, Texas

---

BRIEF FOR APPELLANT

---

Philip C. Fletcher
Texas Bar No. 00787478
800 North Mallard
Palestine, Texas 75801
Telephone No.: (903) 731-4440
Facsimile No.:   (903) 731-4474
Email: fletchlaw@yahoo.com

ATTORNEY FOR APPELLANT

1

# TABLE OF CONTENTS

PAGE NO.

Table of Contents.................................................................................................2

List of Authorities...............................................................................................3

Appearances.......................................................................................................4

Address to the Court...........................................................................................5

Statement of the Case.........................................................................................6

Issue Presented..................................................................................................7

Statement of Facts..............................................................................................8

Summary of the Argument...................................................................................9

Argument, Point of Error Number One...............................................................10

Prayer................................................................................................................13

Certificate of Compliance - Texas Rules of Appellate Procedure 9.4(i)(3).......14

Certificate of Service.........................................................................................15

# LIST OF AUTHORITIES

**CASES**:                                                    PAGE NO.

*Cook v. State, 902 S.W.2d 471, 480 (Tex.Cr.App. 1995)*.................................................11


**STATUTES:**                                                 PAGE NO.


Texas Penal Code Section 20.01(1) ...............................................................10

Texas Penal Code Section 20.01(2) ...............................................................10

Texas Penal Code Section 20.04.....................................................................10

**CONSTITUTION:**                                             PAGE NO.

Texas Constitution Article I, §10.......................................................................10

Texas Constitution Article V, §12(b)................................................................10

## APPEARANCES

Pursuant to *Rule 38.1 (a)*, Texas Rules of Appellate Procedure, Appellate provides a complete list of all parties and names and addresses of Counsel:

Trial Defendant:               Cedrick Lewis

Trial Defendant's Counsel:     Colin D. McFall
                               Attorney at Law
                               617 East Lacy Street, Suite 106
                               Palestine, Texas 75801-2965
                               Telephone:   (903) 723-1923
                               Facsimile:   (903) 723-0269

Trial State's Counsel:         Scott Holden
                               Erica Morgan
                               Anderson County Assistant District Attorney
                               500 North Church Street
                               Palestine, Texas 75801
                               Telephone:   (903) 723-7400
                               Facsimile:   (903) 723-7818

Appellant:                     Cedrick Lewis

Appellant's Counsel:           Philip C. Fletcher
                               Attorney at Law
                               800 North Mallard Street
                               Palestine, Texas 75801
                               Telephone:   (903) 731-4440
                               Facsimile:   (903) 731-4474

Appellee's Counsel:            Scott Holden
                               Anderson County Assistant District Attorney
                               500 North Church Street
                               Palestine, Texas 75801
                               Telephone:   (903) 723-7400
                               Facsimile:   (903) 723-7818

CAUSE NO. 12-14-00201-CR


IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

---

CEDRICK LEWIS
Appellant

vs.

THE STATE OF TEXAS,
Appellee

---

Appeal in Cause No. 31189
On Appeal from the Third Judicial District Court
of Anderson County, Texas

---

BRIEF FOR APPELLANT

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, CEDRICK LEWIS, hereinafter referred to as Appellant, and submits this Brief in support of the Appellant's request that judgment rendered in Cause Number 31189 be reversed.

## STATEMENT OF THE CASE

Appellant was indicted in Cause Number 31189 with the offenses of Aggravated Kidnapping and Unauthorized Use of a Motor Vehicle. These offenses were alleged to have occurred on December 18, 2012, in Anderson County, Texas. Appellant pled not guilty to these charges. On June 10 thru 16, 2014, these cases were tried to a jury. The jury found Appellant guilty of the lesser included charges of Attempted Aggravated Kidnapping and Unauthorized Use of a Motor Vehicle. On June 16, 2014, the Court assessed Appellant's punishment for Cause Number 31189 at eighty (80) years in the Texas Department of Criminal Justice on 20 counts of Attempted Aggravated Kidnapping and two (2) years State Jail on Unauthorized Use of a Motor Vehicle. On July 14, 2014, Appellant timely gave his Notice of Appeal to this Honorable Court. Appellant now timely files this Brief in support of the Appellant's request that the judgments of conviction for Attempted Aggravated Kidnapping rendered in Cause Number 31189 be reversed.

## ISSUES PRESENTED

**Point of Error Number One**:   The judgments of conviction for Attempted Aggravated Kidnapping are void because the trial court lacked jurisdiction in that the purported indictment did not allege the commission of any offenses.

## STATEMENT OF FACTS

**POINT OF ERROR NUMBER ONE:**

Appellant was purportedly charged with thirty (30) counts of the offense of Aggravated Kidnapping by indictment which read in pertinent part that "CEDRIC BERNARD LEWIS, on or about the 18th day of December, 2012, and before the presentment of said indictment, in said County and State, did then there, with the intent to facilitate the commission of a felony, to-wit: Unauthorized Use of a Vehicle, or to facilitate the flight after the attempt or commission of said felony, intentionally or knowingly abduct (insert name of alleged victim) by restricting the movements of said (insert name of alleged victim) without his/her consent so as to interfere with his/her liberty, by moving him/her from one place to another, confining him/her, with the intent to prevent his/her liberation, *or* by secreting or holding him/her in a place where he/she was not likely to be found." (Clerk's Record pgs. 8-22)

## SUMMARY OF THE ARGUMENT

**POINT OF ERROR NUMBER ONE:**

Appellant's judgments of conviction for Attempted Aggravated Kidnapping are void because the trial court lacked jurisdiction in that the purported indictment did not establish the constitutional requisites of an indictment as required by Article V, §12(b) and Article I, §10 of the Texas Constitution by failing to allege the commission of an offense.

Although the purported indictment intends to allege the offense of Aggravated Kidnapping, the inclusion of the word "or" between the definition of restrain and one of the means by which a person can be restrained does not constitutionally charge the commission of Aggravated Kidnapping. The purported indictment wholly failed to charge Appellant with the offense of Aggravated Kidnapping, and the purported indictment failed to comply with the constitutional definition of an indictment as required by Article V, §12(b) and Article I, §10.

Since the purported indictment in this case was constitutionally deficient and did not vest the trial court with jurisdiction, Appellant"s conviction is void. As a result, this court must reverse the judgment.

9

## ARGUMENT

## POINT OF ERROR NUMBER ONE

Appellant's judgments of conviction for Attempted Aggravated Kidnapping are void because the trial court lacked jurisdiction in that the purported indictment did not establish the constitutional requisites of an indictment as required by Article V, §12(b) and Article I, §10 of the Texas Constitution by failing to allege the commission of an offense.

The purported indictment attempts to allege the offense of Aggravated Kidnapping. Texas Penal Code Section 20.04 states that:

"(a) a person commits an offense if he intentionally or knowing abducts another person with the intent to:

(3) facilitate the commission of a felony or the flight after the attempt or commission of a felony."

Texas Penal Code Section 20.01(2) defines the word "abduct."

(2) "Abduct" means to restrain a person with intent to prevent his liberation by:

(A) secreting or holding him in a place where he is not likely to be found; or

(B) using or threatening to use deadly force.

Texas Penal Code Section 20.01(1) defines the word "restrain."

(1) "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person.

Article I § 10 of the Texas Constitution provides that "...no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury..." Article V, §12(b) of the Texas Constitution defines an "indictment" as a "a written instrument presented to a court by a grand jury charging a person with the commission of an offense." A valid charging instrument must be presented to the trial court in order to vest the trial court with jurisdiction to hear the case.

In the present case, the purported indictment does not allege the commission of an offense. The purported charging instrument fails to meet the constitutional definition of an indictment as required by Article V §12(b) and Article I §10. Appellant has a constitutional right to a charging instrument sufficient to constitute an indictment. A valid indictment is required to vest the trial court with jurisdiction to hear the case and it is not subject to waiver. *Cook v. State, 902 S.W.2d 471, 480 (Tex.Cr.App. 1995).*

A person commits the offense of Aggravated Kidnapping, if with the intent to facilitate the commission of a felony or the flight after the attempt or commission of a felony, a person intentionally or knowingly restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person with intent to prevent his liberation *by* secreting or holding him in a place where he is not likely to be found. The wording in the purported indictment in the present case alleges "CEDRIC BERNARD LEWIS, on or about the 18th day of December, 2012, and before the presentment of said indictment, in said County and State, did then there, with the intent to facilitate the commission of a felony, to-wit: Unauthorized Use of a Vehicle, or to facilitate the flight after the attempt or commission of

11

said felony, intentionally or knowingly abduct (insert name of alleged victim) by restricting the movements of said (insert name of alleged victim) without his/her consent so as to interfere with his/her liberty, by moving him/her from one place to another, confining him/her, with the intent to prevent his/her liberation, *or* by secreting or holding him/her in a place where he/she was not likely to be found."

Although the purported indictment intends to allege the offense of Aggravated Kidnapping, the inclusion of the word "or" between the definition of restrain and one of the means by which a person can be restrained does not constitutionally charge the commission of Aggravated Kidnapping. The purported indictment wholly failed to charge Appellant with the offense of Aggravated Kidnapping, and the purported indictment failed to comply with the constitutional definition of an indictment as required by Article V, §12(b) and Article I, §10.

Since the purported indictment in this case was constitutionally deficient and did not vest the trial court with jurisdiction, Appellant"s conviction is void. As a result, this court must reverse the judgment.

## PRAYER

For the above and foregoing reasons, Appellant prays that Appellant's convictions for Attempted Aggravated Kidnapping in Cause No. 12-14-00201-CR, appealed in Cause No. 31189 from the Third Judicial District Court of Anderson County, Texas, be reversed.

Respectfully submitted,

PHILIP C. FLETCHER
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

## TEXAS RULES OF APPELLATE PROCEDURE 9.4(i)(3)

I certify that according to the Microsoft Word program's word-count function, the brief filed in this matter contains 1,070 words excluding the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, statement of issues presented, signature, proof of service, certification and certificate of compliance.

Respectfully submitted,

PHILIP C. FLETCHER
800 North Mallard
P. O. Box 252
Palestine, Texas 75802
Tel: (903) 731-4440
Fax: (903) 731-4474

By: _____
PHILIP C. FLETCHER
State Bar No. 00787478
Attorney for CEDRIC LEWIS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Brief has been hand delivered to Scott Holden c/o Allyson Mitchell, Anderson County Criminal District Attorney, Attorney for Appellee, Anderson County Courthouse, 500 North Church Street, Palestine, Texas 75801, on this the 18th day of February, 2015.

_____
PHILIP C. FLETCHER